UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

THERESA INCOPERO,

        Plaintiff,

v.

BRENDA KESNER,

        Defendant.

2:10-cv-00341-GMN-LRL

**ORDER**

        Plaintiff has submitted an Application to Proceed *In Forma Pauperis* and a Complaint pursuant to 42 U.S.C. § 1983 (#1). The court finds that plaintiff is unable to prepay the filing fee. Further, while the court will dismiss the Complaint, it will do so without prejudice to allow plaintiff to cure the deficiencies listed below.

**I.**    *In Forma Pauperis* **Application**

        Plaintiff has submitted the affidavit required by 28 U.S.C. § 1915(a) showing that she is unable to prepay fees and costs or give security for them. Accordingly, her request to proceed *in forma pauperis* will be granted pursuant to § 1915(a).

**II.**    **Screening the Complaint**

        Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989), *superseded by statute on other grounds as stated in Brown v. Citicorp.*, 1997 U.S. LEXIS 16496, at \*3 (N.D. Ill. Oct. 16, 1997); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) ("A finding of factual frivolousness is appropriate when

the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

Plaintiff sets forth no causes of action in the Complaint and therefore asserts no civil rights violations. Plaintiff explains only that she would like to have 100% of an IBEW annuity rolled into her retirement account. To express such a desire is not to assert a violation of civil rights. Additionally, plaintiff does not list defendants where required in Section A(2) ("Jurisdiction"). While Brenda Kesner is the sole defendant named in the caption of the Complaint, plaintiff does not make any further assertion as to who Kesner is and what Kesner is alleged to have done in violation of plaintiff's civil rights. Hence, plaintiff's Complaint must be dismissed for failure to state a claim upon which relief may be granted. Plaintiff will, however, be given an opportunity to amend her Complaint. The amended complaint must cure the deficiencies listed above.

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiff's Application to Proceed *In Forma Pauperis* (#1) is GRANTED.

IT IS FURTHER ORDERED that plaintiff is permitted to maintain the action to conclusion without the necessity of prepayment of any additional fees, costs, or security. This Order granting *forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that plaintiff shall file an amended complaint by July 2, 2010 or her case may be dismissed.

DATED this 3rd day of June, 2010.

**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**

2